**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIE B. COLEMAN, III,

                 Petitioner - Appellant,

    v.

D. K. SISTO, Warden,

                 Respondent - Appellee.

No. 13-16054

D.C. No. 2:09-cv-00020-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, Magistrate Judge, Presiding

Argued and Submitted December 10, 2014
San Francisco, California

Before: KOZINSKI, RAWLINSON, and MURGUIA, Circuit Judges.

       Petitioner Willie B. Coleman III appeals the district court's denial of his

petition for writ of habeas corpus. Coleman alleges that his trial counsel provided

constitutionally deficient representation by promising the jury in his opening

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

statement that it would hear from an alibi witness when counsel did not ultimately call the witness.[1] We have jurisdiction under 28 U.S.C. § 1291, and affirm.

"We review de novo a district court's denial of habeas corpus relief." *Miles v. Ryan*, 713 F.3d 477, 485 (9th Cir. 2013). The Antiterrorism and Effective Death Penalty Act ("AEDPA") permits federal habeas relief only if Coleman demonstrates that the state court's denial of his claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). Review of ineffective assistance claims under AEDPA is "doubly deferential," and relief may be granted only if the state court "unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by" *Strickland v. Washington*, 466 U.S. 668 (1984). *Saesee v. McDonald*, 725 F.3d 1045, 1048 (9th Cir. 2013) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

It was not unreasonable for the state court to conclude that Coleman's trial counsel's "plan to use the alibi evidence and to mention it in his opening

---

[1] Coleman does not challenge counsel's mid-trial decision to forgo calling the alibi witness. Coleman argues only that trial counsel should not have mentioned the alibi witness in his opening statement unless counsel knew with certainty that he would call the witness at trial.

statement" fell within "the wide range of reasonable professional assistance" permitted by *Strickland*. Counsel focused his opening statement on the claim that "[t]he evidence is going to show this is a case of mistaken identification," and only briefly mentioned the alibi defense towards the end of his statement. At the time he gave his opening statement, counsel was aware "that the alibi evidence had . . . weaknesses" but nonetheless decided to use the alibi testimony because the witness "had not withdrawn his story despite intense questioning by police." Only "[a]fter seeing the prosecution's case" did counsel "decide[] not to use the alibi evidence" and rely instead on the strength of his mistaken identification defense.

Given that *Strickland* mandates a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," 466 U.S. at 689, it was not objectively unreasonable for the state court to conclude that counsel's conduct satisfied *Strickland*'s forgiving standard. *See Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (explaining that state courts enjoy "more leeway" under AEDPA in applying general standards). Although trial counsel submitted a declaration averring that "detailing alibi evidence in my opening statement before hearing the prosecution's case was not the result of a tactical decision," it was not objectively unreasonable for the state court to pay little heed to counsel's after-the-fact assessment of his trial strategy. *See Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) ("After an adverse verdict at trial even the most

experienced counsel may find it difficult to resist asking whether a different strategy might have been better, and, in the course of that reflection, to magnify their own responsibility for an unfavorable outcome. *Strickland*, however, calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind."); *Hendricks v. Calderon*, 70 F.3d 1032, 1039 (9th Cir. 1995) ("[T]he latter-day emergence of [petitioner's trial attorneys'] belief in their own incompetence runs afoul of the rule of contemporary assessment."). Accordingly, we affirm the district court's denial of Coleman's petition. *See* 28 U.S.C. § 2254(d)(1); *Harrington*, 131 S. Ct. at 788.

**AFFIRMED.**